IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 24 2025

TAMMY H. DOWNS, CLERK
By:_____
     DEP CLERK

| | |
|---|---|
| GWEN FAULKENBERRY, SPECIAL RENE SANDERS, ANIKA WHITFIELD, AND KIMBERLY CRUTCHFIELD | PLAINTIFFS |
| v.  Case No. 4:25-CV-592-DPM | |
| ARKANSAS DEPARTMENT OF EDUCATION; JACOB OLIVA, in His Official Capacity as Secretary of the Arkansas Department of Education; <br><br>SARAH MOORE, Ph.D., Chairwoman of the Arkansas State Board of Education, LISA HUNTER, JEFF WOOD, RANDY HENDERSON, LEIGH S. KEENER, ADRIENNE WOODS, KEN BRAGG, KATHY MCFETRIDGE-ROLLINS, AND GARY ARNOLD, Ph.D., Members of the Arkansas State Board of Education; <br><br>SARAH HUCKABEE SANDERS, GOVERNOR of the STATE OF ARKANSAS; and <br><br>THE ARKANSAS DEPARTMENT OF FINANCE and ADMINISTRATION; and JIM HUDSON, In His Official Capacity as Secretary of the Arkansas Department of Finance and Administration | DEFENDANTS |

## MOTION TO INTERVENE AS A PLAINTIFF

For its motion under Federal Rule of Civil Procedure 24 for leave to intervene as a Plaintiff in this action, proposed intervenor Little Rock School District (LRSD) states:

1. On June 13, 2025, Plaintiffs Gwen Faulkenberry, Special Renee Sanders, Anika Whitfield, and Kimberly Crutchfield (Faulkenberry Plaintiffs) filed a lawsuit seeking declaratory and injunctive relief against the Arkansas Department of Education and others for violations of the United States Constitution and the Arkansas Constitution. The Faulkenberry Plaintiffs challenge

the constitutionality of Section 42 of the LEARNS Act, codified as Ark. Code Ann. § 6-18-2501, *et seq*, which creates the "Arkansas Children's Educational Freedom Account Program." ("Voucher Program").

2. The Voucher Program provides direct public funding to a select group of private schools, most of which are sectarian. On information and belief, the cost of the Voucher Program will exceed $326 million for the 2025-26 school year and will continue to grow. The provision of such significant sums of public money to support a system of private, mostly sectarian schools, violates the Establishment Clause of the First Amendment to the United States Constitution.

3. The Voucher Program also violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because it discriminates against the children of low-income families who are unable to pay private school costs, discriminates against school children in rural areas who have no access to private schools, and discriminates against children with disabilities or other circumstances that are not acceptable to the various private schools.

4. The State of Arkansas has a constitutional obligation to "ever maintain a general, suitable and efficient system of free public schools":

> Intelligence and virtue being the safeguards of liberty and the bulwark of a free and good government, the State shall ever maintain a general, suitable and efficient system of free public schools and shall adopt all suitable means to secure to the people the advantages and opportunities of education.

Arkansas Constitution, Article 14 § 1. Instead of working to "ever maintain" a robust system of free public schools, the state has violated that obligation by creating a separate and competing system of publicly funded private religious schools, and providing vouchers to encourage students to attend those schools.

5. LRSD is entitled to intervene as of right under Federal Rule of Civil Procedure 24(a)(2). Public funds are being diverted to support a separate system of private sectarian schools

to the detriment of LRSD and other Arkansas public school districts.

6. LRSD is an Arkansas public school district with the power to sue and be sued in its own name. Ark. Code Ann. § 6-13-102. LRSD employs more than 3,500 educators and support personnel, and is responsible for the education of more than 21,000 students. LRSD enrolls, on average, students with greater educational needs than the students in the private, sectarian school supported by the LEARNS Act Voucher Program. LRSD has an interest in this case because the outcome will significantly impact these students and educators. An outcome which allows the state to continue to invest in a separate private school system for more affluent students will inevitably work to the detriment of the constitutionally required free public school system.

7. For each student who leaves LRSD for a private school, or who is home schooled, because of the Voucher Program, LRSD loses resources necessary to educate its remaining students.

8. LRSD's interests might be impaired by the disposition of this case. The state payments of hundreds of millions of dollars to encourage students to attend a separate and competing private school system composed largely of sectarian schools is impairing, and will continue to impair, LRSD's ability to meet the education needs of its students. LRSD is therefore suffering a direct injury as a result of the LEARNS Act Voucher Program which can be redressed by its participation in this case and a favorable ruling by the Court.

9. LRSD's interests are different from those of the parents, teachers, citizens and taxpayers who filed this lawsuit, and therefore cannot be fully represented or protected by the Faulkenberry Plaintiffs. The LRSD Board of Directors has a statutory duty to "provide no less than a general, suitable, and efficient system of free public schools." Ark. Code Ann. § 6-13-620. LRSD's ability to provide its students a general, suitable and efficient school system is impaired

by the diversion of public funds to the establishment of an unconstitutional system of private, mostly religious, schools.

10. In the alternative, LRSD should be granted leave to intervene under Federal Rule of Civil Procedure 24(b)(1)(B). LRSD's challenge to the Voucher Program shares questions of law and fact in common with the Faulkenberry Plaintiffs. The common legal issues include whether or not the Voucher Program violates the Arkansas and United States constitutions. The factual issues LRSD shares with Falkenberry Plaintiffs include those related to the establishment and implementation of the Voucher Program, and the impact of the Voucher Program on public school districts such as LRSD, and their students, teachers and patrons.

11. This case is in its preliminary stages. Defendants' motion to dismiss is pending, as is a motion to intervene as Defendants filed by a group of parents. LRSD's intervention, therefore, will not unduly delay or prejudice the adjudication of the original parties' rights.

12. Counsel for the Plaintiffs have indicated that they do not object to LRSD's intervention. Counsel for the Defendants have indicated that they will oppose it.

13. The Eighth Circuit Court of Appeals has held "that Rule 24 should be liberally construed with all doubts resolved in favor of the proposed intervenor." *South Dakota v. United States DOI*, 317 F.3d 783, 785 (8th Cir. 2003), *citing Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999).

14. This Court "must accept as true all material allegations in the motion to intervene and must construe the motion in favor of the prospective intervenor". *Nat'l Parks Conservation Ass'n v. United States EPA*, 759 F.3d 969, 973 (8th Cir. 2014).

15. This motion is supported by an accompanying brief and by LRSD's Complaint in Intervention, which is attached as Exhibit A. Those documents are incorporated in this motion

pursuant to Fed. R. Civ. P. 10(c).

WHEREFORE, for the reasons set forth above and in the accompanying brief, LRSD respectfully requests that the court to grant its motion to intervene.

                              Respectfully submitted,

                              Christopher Heller (Ark. Bar No. 81083)
                              Khayyam M. Eddings (Ark. Bar No. 2002008)
                              Liz K. Harris (Ark. Bar No. 2018111)
                              Friday, Eldredge & Clark, LLP
                              400 West Capitol, Suite 2000
                              Little Rock, Arkansas 72201-3493
                              Telephone:  (501) 370-1506
                              Telephone:  (501) 370-1417
                              Telephone:  (501) 370-1802
                              Email:      heller@fridayfirm.com
                              Email:      keddings@fridayfirm.com
                              Email:      lharris@fridayfirm.com

By: _____
                              Christopher Heller

                              *Attorneys for Plaintiff Intervenor Little Rock School District*