IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 24 2025
TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

GWEN FAULKENBERRY,
SPECIAL RENE SANDERS,
ANIKA WHITFIELD, AND
KIMBERLY CRUTCHFIELD                                            PLAINTIFFS

v.                        Case No. 4:25-CV-592-DPM

ARKANSAS DEPARTMENT OF EDUCATION;
JACOB OLIVA, in His Official Capacity as Secretary
of the Arkansas Department of Education;

SARAH MOORE, Ph.D., Chairwoman of the
Arkansas State Board of Education,
LISA HUNTER, JEFF WOOD, RANDY HENDERSON,
LEIGH S. KEENER, ADRIENNE WOODS,
KEN BRAGG, KATHY MCFETRIDGE-ROLLINS, AND
GARY ARNOLD, Ph.D., Members of the
Arkansas State Board of Education;

SARAH HUCKABEE SANDERS,
GOVERNOR of the STATE OF ARKANSAS; and

THE ARKANSAS DEPARTMENT OF FINANCE
and ADMINISTRATION; and
JIM HUDSON, In His Official Capacity as
Secretary of the Arkansas Department of Finance and Administration        DEFENDANTS

## BRIEF IN SUPPORT OF LRSD'S MOTION TO INTERVENE AS A PLAINTIFF

*Introduction*

On June 13, 2025, Plaintiffs Gwen Faulkenberry, Special Renee Sanders, Anika Whitfield, and Kimberly Crutchfield (Faulkenberry Plaintiffs) filed a lawsuit seeking declaratory and injunctive relief against the Arkansas Department of Education and others for violations of the United States Constitution and the Arkansas Constitution. The Faulkenberry Plaintiffs challenge the constitutionality of Section 42 of the LEARNS Act, codified as Ark. Code Ann. § 6-18-2501,

1

*et seq*, which creates the "Arkansas Children's Educational Freedom Account Program." ("Voucher Program"). The Faulkenberry Plaintiffs assert that the Voucher Program provides public funds primarily to private religious schools in violation of the Establishment Clause of the First Amendment. The reported cost of the Voucher Program will exceed $326 million for the 2025-26 school year. The Faulkenberry Plaintiffs also contend that the Voucher Program violates the Equal Protection Clause of the Fourteenth Amendment in its treatment of rural students, low-income students and students with disabilities, as well as in its minimal accountability requirements for private schools compared to public schools. Finally, the Faulkenberry Plaintiffs claim that the Voucher Program violates the Arkansas Constitution by compelling taxpayers to support ministries and places of worship, and giving preference to religious establishments. LRSD agrees with all of these assertions, and further contends that the Voucher Program violates the education article (Article 14) of the Arkansas Constitution.

*Standard of Review*

The Eighth Circuit Court of Appeals has held "that Rule 24 should be liberally construed with all doubts resolved in favor of the proposed intervenor." *South Dakota v. United States DOI*, 317 F.3d 783, 785 (8th Cir. 2003), *citing Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999). "A court ruling on a motion to intervene must accept as true all material allegations in the motion to intervene and must construe the motion in favor of the prospective intervenor". *Nat'l Parks Conservation Ass'n v. United States EPA*, 759 F.3d 969, 973 (8th Cir. 2014).

*Intervention of Right*

In order to establish its right to intervene in this case under Fed. R. Civ. P. 24(a), LRSD must show (1) that it has an interest in the subject matter of the litigation; (2) that its interest might

be impaired by the disposition of this case; and (3) that its interest is not adequately represented by existing parties. *South Dakota v. United States DOI*, 317 F.3d. 783, 785 (8th Cir. 2003).

*A. Interest in the Subject Matter of the Litigation*

LRSD is entitled to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) because the Voucher Program diverts public funds to support a separate system of private sectarian schools to the detriment of LRSD and other Arkansas public school districts. LRSD is an Arkansas public school district with the power to sue and be sued in its own name. Ark. Code Ann. § 6-13-102. LRSD employs more than 3,500 educators and support personnel, and is responsible for the education of more than 21,000 students. LRSD enrolls, on average, students with greater educational needs than the students in the private, sectarian schools supported by the LEARNS Act Voucher Program. For each student who leaves LRSD for a private school, or who is home schooled, because of the Voucher Program, LRSD loses resources necessary to educate its remaining students.

The State of Arkansas has a constitutional obligation to "ever maintain a general, suitable and efficient system of free public schools":

> Intelligence and virtue being the safeguards of liberty and the bulwark of a free and good government, the State shall ever maintain a general, suitable and efficient system of free public schools and shall adopt all suitable means to secure to the people the advantages and opportunities of education.

Arkansas Constitution, Article 14 § 1. Instead of focusing on its constitutional obligations to build and "ever maintain" a robust system of free public schools and to adopt all suitable means to insure that the free public school system will flourish, the State has elected to violate its obligations by creating a separate and competing system of publicly funded private schools, and encouraging students with vouchers to attend these schools instead of public schools.

The Voucher Program is now in its third year and is open to all students in Arkansas with

3

no cap on participation. Ark. Code Ann. § 6-18-2506(a). When the Faulkenberry Complaint was filed on June 13, 2025, the Arkansas General Assembly had allocated just over $187 million for the Voucher Program for the 2025-26 school year. Faulkenberry Complaint, ¶ 36. That amount has now ballooned to over $326 million for the 2025-26 school year. LRSD has an interest in insuring that it will have the resources it needs, and that the Arkansas Constitution requires, to enable its students to succeed.

### B. *LRSD's Interest Might be Impaired by the Disposition of the Case*

LRSD's interest might be impaired by the disposition of this case in two ways. First, if the Court allows the continuing expenditure of hundreds of millions of dollars on a separate and competing publicly funded private school system, that decision will diminish the ability of public schools generally, and LRSD specifically, to continue to meet the educational needs of its students. Second, for each student who leaves LRSD for a private school, or who is home schooled, because of the Voucher Program, LRSD loses resources necessary to educate its remaining students. LRSD is suffering a direct injury as a result of the LEARNS Act Voucher Program which can be redressed by their participation in this case and a favorable ruling by the court in this case.

### C. *LRSD's Interests are not Adequately Protected by Existing Parties*

LRSD's interests are different from those of the parents, teachers, citizens and taxpayers who filed this lawsuit, and therefore cannot be fully represented or protected by the Faulkenberry Plaintiffs. The LRSD Board of Directors has a statutory duty to "provide no less than a general, suitable, and efficient system of free public schools." Ark. Code Ann. § 6-13-620. LRSD is situated differently, and has a different role in providing the education required by the Arkansas Constitution and statutes, than the Faulkenberry Plaintiffs. LRSD's ability to provide its students a general, suitable and efficient school system is impaired by the diversion of public funds to the

establishment of an unconstitutional system of private, mostly religious, schools.

*Permissive Intervention*

In the alternative, LRSD should be granted leave to intervene under Federal Rule of Civil Procedure 24(b)(1)(B). LRSD's alternative request for permissive intervention under Fed. R. Civ. P. 24(b) be may be granted (1) upon a timely application; (2) where LRSD's claims and those in this case have a question of law or fact in common; and (3) where LRSD's intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. *Id.* at 787, *quoting* Rule 24(b).

LRSD's challenge to the Voucher Program shares questions of law and fact in common with the Faulkenberry Plaintiffs. Exhibit A (LRSD's Complaint in Intervention). The common legal issues include whether or not the Voucher Program violates the Arkansas and United States constitutions. The factual issues LRSD shares with Falkenberry Plaintiffs include those related to the establishment and implementation of the Voucher Program, and the impact of the Voucher Program on public school districts such as LRSD, and their students, teachers and patrons.

This case is in its preliminary stages. Defendants' motion to dismiss is pending, as is a motion to intervene as Defendants filed by a group of parents. LRSD's intervention, therefore, will not unduly delay or prejudice the adjudication of the original parties' rights.

*Conclusion*

LRSD is suffering, and will continue to suffer, actual harm as a result of the Voucher Program which can be remedied by the Court granting the relief requested by LRSD and the Faulkenberry Plaintiffs. LRSD's motion, brief, and proposed complaint in intervention, especially when "liberally construed" in accordance with Eighth Circuit precedent, show that LRSD is entitled to intervene under Fed. R. Civ. P. 24(a). In the alternative, LRSD's timely motion for

permissive intervention under Fed. R. Civ. P. 24(b) should be granted because LRSD and the Faulkenberry Plaintiff's present common questions of law and fact, and LRSD's intervention at this early stage of this case will not unduly delay or prejudice the adjudication of the rights of the existing parties.

        Respectfully submitted,

Christopher Heller (Ark. Bar No. 81083)
Khayyam M. Eddings (Ark. Bar No. 2002008)
Liz K. Harris (Ark. Bar No. 2018111)
Friday, Eldredge & Clark, LLP
400 West Capitol, Suite 2000
Little Rock, Arkansas 72201-3493
Telephone: (501) 370-1506
Telephone: (501) 370-1417
Telephone: (501) 370-1802
Email: heller@fridayfirm.com
Email: keddings@fridayfirm.com
Email: lharris@fridayfirm.com

By: /s/ Christopher Heller
Christopher Heller

*Attorneys for Plaintiff Intervenor Little Rock School District*