# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS

GWEN FAULKENBERRY; SPECIAL RENEE
SANDERS; ANIKA WHITFIELD; AND KIMBERLY
CRUTCHFIELD,

                            *Plaintiffs,*

V.

ARKANSAS DEPARTMENT OF EDUCATION;
JACOB OLIVA, in his official capacity as
Secretary of the Arkansas Department of
Education; SARAH MOORE, PH.D.,
chairwoman of the Arkansas State Board of
Education; LISA HUNTER; JEFF WOOD; RANDY
HENDERSON; LEIGH S. KEENER; ADRIENNE
WOODS; KEN BRAGG; KATHY MCFETRIDGE-
ROLLINS; AND GARY ARNOLD, PH.D., members
of the Arkansas State Board of Education;
SARAH HUCKABEE SANDERS, Governor of the
State of Arkansas; THE ARKANSAS
DEPARTMENT OF FINANCE AND
ADMINISTRATION; and JIM HUDSON, in his
official capacity as Secretary  of the
Arkansas Department of Finance and
Administration,

                            *Defendants.*

Civil Action No. 4:25-cv-00592-DPM

# DEFENDANTS' RESPONSE IN OPPOSITION
# TO LITTLE ROCK SCHOOL DISTRICT'S MOTION TO INTERVENE

Little Rock School District seeks to insert itself into this case to duplicate arguments already before the Court regarding three pre-existing claims and to add a host of state-law claims that are pending in a separate action in state court. This Court should reject this misguided attempt that not only wastes taxpayer dollars but also would needlessly complicate this case with additional claims that are frivolous and barred by sovereign immunity. The School District has failed to show that intervention under Federal Rule of Civil Procedure 24 is required as a matter of law or would be appropriate as a discretionary matter. And to top it off, the School District cannot show that it has standing to sue or a cause of action for its claims. Defendants respectfully request that the Court deny the School District's motion to intervene.

ARGUMENT

## I. THE SCHOOL DISTRICT LACKS STANDING TO INTERVENE.

Because the School District lacks standing, its attempt to intervene fails at the outset. In the Eighth Circuit, "those wishing to intervene in federal court must have Article III standing." *Mausolf v. Babbitt*, 85 F.3d 1295, 1301 (8th Cir. 1996). Prospective intervenors must therefore "satisfy the familiar requirements of Article III standing." *Liddell v. Special Admin. Bd. of Transitional Sch. Dist. of City of St. Louis*, 894 F.3d 959, 964 (8th Cir. 2018). They must "clearly allege facts showing an injury in fact, which is an injury to a legally protected interest that is 'concrete, particularized, and either actual or imminent.'" *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 834 (8th Cir. 2009) (quoting *Curry v. Regents of the Univ. of Minn.*, 167 F.3d 420, 422 (8th Cir. 1999)). And they "must also show the alleged injury is fairly

traceable to the defendant's conduct and that a favorable decision will likely redress the injury." *Id.*

Little Rock School District fails on the first prong because it cannot show it has a cognizable injury to support its constitutional claims against Defendants—all of whom are state entities.[1] The school district "is a political subdivision of the State of Arkansas." *Herts v. Smith*, 345 F.3d 581, 588 (8th Cir. 2003); *Dermott Special Sch. Dist. v. Johnson*, 343 Ark. 90, 95, 32 S.W.3d 477, 480 (2000) ("[S]chool districts are political subdivisions of the state and are not state agencies."). And as "a political subdivision, 'created by a state for the better ordering of government, [it] has no privileges or immunities under the federal constitution which it may invoke in opposition to the will of its creator.'" *Ysursa v. Pocatello Educ. Ass'n*, 555 U.S. 353, 363 (2009) (quoting *Williams v. Mayor of Baltimore,* 289 U.S. 36, 40 (1933)). In other words, they "have no standing to invoke" constitutional provisions "in opposition to the will of their creator." *Coleman v. Miller*, 307 U.S. 433, 441 (1939); *see, e.g., Delta Special Sch. Dist. No. 5 v. State Bd. of Educ. for State of Ark.*, 745 F.2d 532, 533 (8th Cir. 1984) ("A political subdivision of a state cannot invoke the protection of the fourteenth amendment against the state."); *City of Trenton v. State of New Jersey*, 262 U.S. 182, 188 (1923) ("This court has never held that these subdivisions may invoke such

---

[1] Because Defendants are state entities with immunity, this suit is essentially one against the State. *See, e.g., Ark. Dep't of Educ. v. McCoy*, 624 S.W.3d 687, 689, 692–93 (Ark. 2021) (dismissing case against Arkansas Department of Education, members of the Arkansas State Board of Education, and the Commissioner of Education based on sovereign immunity); *Ark. Dep't of Fin. & Admin. v. 2600 Holdings, LLC*, 2022 Ark. 140, 8, 646 S.W.3d 99, 104 (2022) (concluding the Arkansas Department of Finance and Administration had sovereign immunity).

restraints [as the Contract Clause or the Fourteenth Amendment] upon the power of the state."); *City of San Juan Capistrano v. California Pub. Utilities Comm'n*, 937 F.3d 1278, 1280 (9th Cir. 2019) ("[W]e have consistently held that political subdivisions lack standing to challenge state law on constitutional grounds in federal court."); *City of Herriman v. Bell*, 590 F.3d 1176, 1183 (10th Cir. 2010) ("[A] political subdivision may not challenge the validity of a fellow political subdivision's actions under the Fourteenth Amendment, unless such a suit is expressly authorized."). The School District thus has no standing to sue Defendants for allegedly violating the federal Constitution by implementing the LEARNS Act.[2]

## II.    EVEN ASSUMING STANDING, THE PROPOSED STATE-LAW CLAIMS ARE BARRED BY SOVEREIGN IMMUNITY.

In addition to its proposed, duplicative federal constitutional claims, the School District attempts to interject new state-law claims into this suit. But even if the School District had standing to assert these claims, those claims are barred by sovereign immunity, making any attempt to intervene to assert those claims futile.

In *Pennhurst State School and Hospital v. Halderman*, the Supreme Court held that "[a] federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." 465 U.S. 89, 121 (1984). And under *Pennhurst*, "a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the

---

[2] Relatedly, as a political subdivision, not a person, the School District lacks a cause of action. *See, e.g.*, *City of E. St. Louis v. Cir. Ct. for Twentieth Jud. Cir., St. Clair Cnty.*, 986 F.2d 1142, 1144 (7th Cir. 1993) ("Because [a city] is not a 'person,' it cannot invoke the protection of the Fifth or Fourteenth Amendments, and therefore cannot bring a section 1983 claim." (internal citation omitted)).

Eleventh Amendment," and "this principle applies as well to state-law claims brought into federal court under pendent jurisdiction." *Id.* Indeed, "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Id.* at 106. Accordingly, *Ex parte Young*'s narrow exception to sovereign immunity is "inapplicable in a suit against state officials on the basis of state law." *Id.*; *see Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 439 (2004) ("*Ex parte Young* [is] inapplicable to suits brought against state officials alleging violations of state law."); *Greene v. Dayton*, 806 F.3d 1146, 1149 (8th Cir. 2015) ("[T]he Eleventh Amendment bars our court from ordering state officials to conform their conduct to state law.").

Here, the School District's prospective complaint asserts claims under Article 2, Section 24 of the Arkansas Constitution, Compl. in Intervention at 31, ¶ 109 (Count III), Article 14, Section 1 of the Arkansas Constitution, *id.* at 31–32, ¶¶ 110–14 (Count IV), Article 14, Section 2 of the Arkansas Constitution, *id.* at 32–34, ¶¶ 115–20 (Count V), and Article 14, Section 3 of the Arkansas Constitution, *id.* at 34–35, ¶¶ 121–24 (Count VI). Because these claims arise solely under state law, *Pennhurst* squarely forecloses them: even if intervention were otherwise proper, the Eleventh Amendment deprives this Court of jurisdiction to hear the claims and would require dismissal of each of the School District's claims on sovereign-immunity grounds.

### III.    THE SCHOOL DISTRICT CANNOT INTERVENE AS OF RIGHT.

In addition to the threshold problems with Little Rock School District's attempt to intervene, it has failed to show that it satisfied the requirements to intervene as of right under Federal Rule of Civil Procedure 24(a).

Rule 24(a) permits "intervention of right" only when a movant either:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(1)–(2).

Under Rule 24(a)(2), intervention as of right may be permitted if the movant: (1) "has a cognizable interest in the subject matter of the litigation; (2) the interest may be impaired as a result of the litigation; and (3) the interest is not adequately protected by the existing parties to the litigation." *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997). "A proposed intervenor must satisfy all three conditions to intervene as a matter of right." *S. Dakota ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003).

None of these conditions are satisfied here. To begin, no federal statute grants the School District an unconditional right to intervene. *See* Fed. R. Civ. P. 24(a)(1). Nor can the School District establish intervention as of right because the "existing parties adequately represent" the School District's asserted interests. *See* Fed. R. Civ. P. 24(a)(2). The School District's claimed interest—preventing any funds from

being received by "private sectarian schools," Br. ISO Mot. to Intervene 3, ECF No. 21—is precisely the interest already pursued by Plaintiffs, who raise Establishment Clause, Equal Protection Clause, and Arkansas Constitution claims, *see, e.g.*, Compl. 21, ¶42, ECF No. 1. Because the School District seeks the exact same thing as Plaintiffs, it has not shown that Plaintiffs cannot adequately represent its interests. *See Arrow v. Gambler's Supply, Inc.*, 55 F.3d 407, 409–10 (8th Cir. 1995) (finding a "presumption of adequate representation" where the "prospective intervenor's interest is identical to that of an existing party").

Even assuming the School District has shown a different motivation for the litigation than Plaintiffs, that is insufficient to show Plaintiffs cannot adequately represent its interest. *See, e.g.*, *Victim Rts. L. Ctr. v. Rosenfelt*, 988 F.3d 556, 562 (1st Cir. 2021) ("Nor is perfect identity of motivational interests between the movant-intervenor and the [existing party] necessary to a finding of adequate representation."); *Nat. Res. Def. Council, Inc. v. N.Y. State Dep't of Env't Conservation*, 834 F.2d 60, 61– 62 (2d Cir. 1987) ("A putative intervenor does not have an interest not adequately represented by a party to a lawsuit simply because it has a motive to litigate that is different from the motive of an existing party. So long as the party has demonstrated sufficient motivation to litigate vigorously and to present all colorable contentions, a district judge does not exceed the bounds of discretion by concluding that the interests of the intervenor are adequately represented."). And even assuming the School District could show a difference in litigation strategy, that likewise would be insufficient to show Plaintiffs cannot adequately represent the School District's interests. *See*

*Swinton v. SquareTrade, Inc.*, 960 F.3d 1001, 1005 (8th Cir. 2020) ("A difference of opinion concerning litigation strategy or individual aspects of a remedy does not overcome the presumption of adequate representation." (quoting *Jenkins v. Missouri*, 78 F.3d 1270, 1275 (8th Cir. 1996))); *Rosenfelt*, 988 F.3d at 562 ("[A] movant-intervenors' interest in making an additional constitutional argument in defense . . . does not render the government's representation inadequate.").

Because no statute grants the School District an unconditional right to intervene and the existing parties adequately represent the School District's interests in this case, the School District is not entitled to intervene as of right even if it could satisfy standing requirements.

## IV.    THE SCHOOL DISTRICT CANNOT PERMISSIVELY INTERVENE.

The School District's motion fares no better under the standard for permissive intervention, which exists to promote efficiency—not to invite delay, duplication, and needless complication.  Under Federal Rule of Civil Procedure 24(b)(1), permissive intervention is available only when a movant:

> (A) is given a conditional right to intervene by a federal statute; or

> (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1)(A)–(B).  Even then, intervention remains discretionary, as courts must independently "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

The Eighth Circuit instructs that "[t]he principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or

prejudice the adjudication of the parties' rights." *Barnett*, 317 F.3d at 787 (citing 7C Wright, Miller & Kane, *Federal Practice and Procedure* § 1913, at 379). After all, "[t]he purpose of intervention is to promote the efficient and orderly use of judicial resources by allowing persons, who might otherwise have to bring a lawsuit on their own to protect their interests or vindicate their rights, to join an ongoing lawsuit instead." *Metro. St. Louis*, 569 F.3d at 840 (citation and quotation omitted). Reflecting the same concern for judicial efficiency, the Supreme Court warned that cases of "large public interest" often prompt non-parties to "desire to present their views to the court," yet "such interventions may result in accumulating . . . arguments without assisting the court." *Allen Calculators v. Nat'l Cash Reg. Co.*, 322 U.S. 137, 141–42 (1944). Notably, "[t]he existence of a common question of law or fact does not automatically entitle an applicant to intervene." *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989), *aff'd*, 495 U.S. 82 (1990); *see Union Elec. Co.*, 64 F.3d at 1170 n. 9 (citing *Venegas*, 867 F.2d at 529).

Rule 24(b)'s "principal consideration" weighs decisively against intervention—intervention would splinter the case, multiply the complexity of the issues, inject confusion, and delay resolution to the detriment of the existing parties. *See Barnett*, 317 F.3d at 783. The motion to dismiss is already fully briefed and awaiting the Court's decision. *See, e.g.,* Defs.' Mot. to Dismiss, ECF No. 9; Pls.' Resp. to Mot. to Dismiss, ECF No. 15; Defs.' Reply to Mot. to Dismiss, ECF No. 17-1. Allowing the School District to intervene would necessarily invite new filings and expand the issues that the Court must consider regarding the pre-existing claims, such as the School District's

standing to assert constitutional claims against the State. The result would be delay, duplication, and diversion of resources from the Court and the parties before it.

The problems do not end there. The School District also seeks to inject three new counts under Article 14, Sections 1–3, and Article 4, Sections 1–2 of the Arkansas Constitution. *See* Compl. in Intervention at 31–32, ¶¶ 110–14 (Count IV), 32–34, ¶¶ 115–20 (Count V), 34–35, ¶¶ 121–24 (Count VI). Not only are these claims barred by sovereign immunity, but they are also legally meritless as Defendants have already explained in pending state-court litigation. *See* Appellants' Br., *Ark. Dep't of Educ. v. Faulkenberry*, No. CV-24-803 (Ark. S. Ct.), available at https://tinyurl.com/yeu4dzx8; Appellants' Reply Br., *Ark. Dep't of Educ. v. Faulkenberry*, No. CV-24-803 (Ark. S. Ct.), available at https://tinyurl.com/2vuzax8h. What is more, allowing the School District to intervene to add these new claims would greatly expand the scope of this litigation and complicate this case—to the detriment of both Plaintiffs (who decided to bring these claims in a different forum) and Defendants (who would be required to defend themselves against these claims simultaneously in different forums). Intervention would thus transform a focused constitutional dispute into a sprawling hybrid of state and federal claims—precisely the type of inefficiency that Rule 24(b)'s discretionary inquiry is meant to avoid. This is the textbook form of delay and prejudice that warrants denial of permissive intervention. *See* Fed. R. Civ. P. 24(b)(1)(B).

Even if the Court were inclined to grant permissive intervention under Rule 24(b)(1)(B), it should exercise its broad discretion under Rule 24(b)(3) to deny it. *See*

Fed. R. Civ. P. 24(b)(3).  Plaintiffs already assert the Establishment Clause and Equal Protection theories the School District merely echoes, and the new state-law claims would needlessly delay and complicate this case.  Even assuming the School District had an argument regarding the pre-existing claims that could be useful to this Court's review, it could simply move for leave to file an amicus brief, which would not waste judicial and party resources in the same way that intervention would.  (Allowing an amicus brief would waste taxpayer resources as the constitutional claims are meritless; however, it would not prejudice Defendants as long as the Court allowed Defendants to respond to any arguments advanced in a late-filed amicus brief.)[3]  Because the School District's intervention would not advance judicial efficiency but would instead duplicate arguments already before the Court and needlessly complicate and delay the proceedings, the Court should deny permissive intervention.

## CONCLUSION

The School District falls short on every requirement to intervene as a party in this case: it has not established Article III standing, cannot satisfy the Rule 24 requirements for intervention, and cannot overcome the Eleventh Amendment bar to its state-law claims.  The Court should therefore deny the motion to intervene.

---

[3] Although this Court does not have standing rules regarding amicus briefs, most courts require amicus briefs to be filed shortly after the briefs that they support, which enables the opposing party to respond to the amicus brief arguments in either the response brief or the reply brief.  *See, e.g.*, Fed. R. App. P. 29(a)(6); Order on Amicus Briefs, *Union Pacific R.R. Co. v. Franklin*, Case No. 4:22-cv-960-LPR (E.D. Ark. Mar. 21, 2023), ECF No. 25.

Respectfully submitted,

TIM GRIFFIN
Attorney General

By:     Autumn Hamit Patterson
        Ark. Bar No. 2025095
        Solicitor General

        Laura Purvis
        Ark. Bar No. 2023239
        Assistant Attorney General

        Arkansas Attorney General's Office
        101 West Capitol Avenue
        Little Rock, AR 72201
        (501) 682-1019
        (501) 682-2591 fax
        autumn.patterson@arkansasag.gov
        laura.purvis@arkansasag.gov

        *Counsel for Defendants*