**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

GWEN FAULKENBERRY;
SPECIAL RENEE SANDERS;
KIMBERLY CRUTCHFIELD; and
ANIKA WHITFIELD                                          PLAINTIFFS


v.                              4:25-cv-592-DPM


ARKANSAS DEPARTMENT OF
EDUCATION;   JACOB OLIVA, in His
Official Capacity as Secretary of the
Arkansas Department of Education;
SARAH MOORE, Ph.D., Chairwoman of the
Arkansas State Board of Education;
LISA HUNTER, JEFF WOOD, RANDY
HENDERSON, LEIGH S. KEENER,
ADRIENNE WOODS, KEN BRAGG,
KATHY MCFETRIDGE-ROLLINS, and
GARY ARNOLD, Ph.D., Members of the
Arkansas State Board of Education;
ARKANSAS DEPARTMENT OF FINANCE
AND ADMINISTRATION;   and JIM
HUDSON, In His Official Capacity as
Secretary of the Arkansas Department of
Finance and Administration                               DEFENDANTS


ERIKA LARA;   KATIE PARRISH; and
NIKITA GLENDENNING                                       INTERVENORS


**FINAL SCHEDULING ORDER**


Pursuant to Federal Rule of Civil Procedure 16(b), the Court orders:

- Deadline to request any pleading amendment...............................................**24 June 2026**

- Joint status report due ...............................................**24 July 2026**

- Plaintiffs shall identify all expert witnesses and produce their opinions by .........................................................**24 July 2026**

- Defendants shall identify all expert witnesses and produce their opinions by .................................................. **25 August 2026**

- Plaintiff shall identify any rebuttal expert witnesses and produce their opinions by ...............................................**9 September 2026**

- Discovery cutoff ...................................................**9 October 2026**

- Dispositive and *Daubert* motions due[1] ......... **12 November 2026**

- Joint status report, including settlement conference request, due .............. **12 November 2026**

- Deposition designations exchanged[2].....................**12 April 2027**

- Motions in limine due ............................................. **12 May 2027**

- Local Rule 26.2 pre-trial disclosure sheets due...............................................**10 June 2027**

---

[1]   Note and follow the procedure specified *infra*.

[2]   Note and follow the procedure specified *infra*.

- Joint report on deposition designation disputes (if any)..........................................................**10 June 2027**

- Trial briefs due .........................................................**10 June 2027**

- Stipulations on background facts due.....................**10 June 2027**

- Bench Trial, Little Rock Courtroom 1A....................**12 July 2027**

- **Amending Pleadings.**    Local Rule 5.5(e) requires a party to attach the proposed amended pleading to the motion.   Please make this attachment a redline or comparison copy showing all proposed changes.   Counsel should confer about proposed amendments.   State in your motion to amend whether the change is agreed or opposed.

- **Protective Orders.**   Before filing a motion for approval, counsel should email a draft order in Word to chambers for review.   Alert the law clerk on the case to the draft's submission.   Avoid legalese.   Short, plain orders are better than long, complicated ones.   Incorporate Fed. R. Civ. P. 5.2's mandate for redaction, if practicable, before any filing under seal.   The order should remain in effect no longer than one year after litigation ends, not in perpetuity.   Incorporate the procedure for discovery disputes, see *infra*, to cover disputes about whether a document is confidential.

- **Discovery Disputes.**   Counsel should confer in good faith *in person* before bringing any discovery dispute to the Court.   Do not file motions to compel.   Do not file a motion to quash or for protective order unless there is an emergency.   Do not file a motion for sanctions.   If the parties reach a discovery impasse, they should file a joint report explaining the disagreement.   Specify whatever relief you seek in the joint report.   File this paper under the CM/ECF event called "Joint Report of Discovery Dispute". Your joint report must not

exceed ten pages, excluding the style and signature block. Each side gets five pages. Do not file a motion asking for more pages. Use double spacing and avoid footnotes. Attach documents (such as disputed written discovery or responses) as needed. Redact any attachments as required by Federal Rule of Civil Procedure 5.2 to protect confidential information. File the joint report sufficiently before the discovery cutoff so that the dispute can be resolved, and any additional discovery completed, without undermining other pretrial deadlines. The Court will rule or schedule a hearing. Alert the law clerk on the case to the joint report's filing. If a dispute arises during a deposition, call chambers so the Judge can rule during the deposition.

- **Summary Judgment.** Motions must comply with Federal Rule of Civil Procedure 56 and Local Rules 7.2 and 56.1. Make the complete transcript of any deposition cited an exhibit. Limit your Rule 56.1 statements to *material* facts. Include a *specific* supporting record citation for each fact asserted. Responding statements of fact must repeat the statement being responded to—like a discovery response. Include a *specific* supporting record citation for each fact disputed or asserted in the responding statement. A party's substantial failure to follow these procedures will result in the party having to correct its filing. If the summary judgment papers are voluminous, the Court would appreciate the parties sending a courtesy paper copy to chambers. Any movant may reply within seven calendar days of a response to a motion for summary judgment.

- **Deposition Designations.** The Court strongly encourages the parties to use live testimony, rather than testimony by deposition, at trial. If the parties nonetheless need to use deposition testimony, then they must use the following procedure. The parties should exchange deposition designations. As soon as practicable thereafter, counsel must

meet and confer in person. They should try hard to agree on what deposition testimony will be presented at trial and resolve any objections. If any dispute or objection remains unresolved, then the parties should file a joint report explaining the dispute on the same date pre-trial disclosure sheets are due. The parties must certify that they met and conferred in person but failed to resolve the disputed issue. The parties should also deliver to chambers a paper copy of the entire transcript of any deposition involved in any dispute.

- **Exhibits.** The Court strongly encourages the parties to agree on as many of the exhibits as possible. Deliver the original exhibits, and one copy, in three-ring binders to the Courtroom Deputy on the Wednesday before trial starts. Please also include an electronic copy, plus (on the Court's forms) the exhibit and witness lists. Please also submit any audio or video file in .mp3 or .mp4 format.

- **Courtroom Technology.** Before any pretrial, and as soon as practicable before any hearing, counsel should contact the courtroom deputy about technology needs. She will coordinate with the Court's IT department. Any plan for use of non-Court technology must be approved by the IT department.

- **Pre-Trial Hearing.** It will be set by separate notice. We will address motions in limine, deposition excerpts for use at trial, jury instructions, trial architecture, exhibits, and voir dire.

- **Conflicts Of Interest.** Counsel must check the Court's recusal list on file in the U.S. District Clerk's Office to determine whether there is any conflict that might require recusal. If any party is a subsidiary or affiliate of any company in which the Court has a financial interest, counsel should bring that fact to the Court's attention immediately.

Please communicate with Sherri Black, Courtroom Deputy, by e-mail at *sherri_black@ared.uscourts.gov* to check your position on the calendar as the trial date approaches.   In the event of settlement, advise Sherri Black immediately.

**AT THE DIRECTION OF THE COURT**
**TAMMY H. DOWNS, CLERK**

**By:**   **Sherri Black**
Courtroom Deputy to
Judge D. P. Marshall Jr.

27 February 2026